## EMERGENCY PROFESSIONAL GROUP, INC., Petitioner-Appellant,

v.

## COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

### No. 83-1010.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1984.

Decided April 25, 1984.

Richard M. Schwartz, John Armstrong (argued) Cincinnati, Ohio, for petitioner-appellant.

Kenneth W. Gideon, Chief Counsel, I.R.S., George M. Sellinger, Washington, D.C., for respondent-appellee.

Before LIVELY, Chief Judge, CONTIE, Circuit Judge, and WEICK, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the Tax Court upholding an income tax deficiency for the years 1976 and 1977 upon a finding that contributions by the petitioner to its pension and profit-sharing trust should be disallowed. The Tax Court held that the petitioner did not sustain its burden of showing that its trust was a qualified plan and that assets of the trust were used exclusively for the benefit of its employees.

The dispute arose when the petitioner and its financial adviser and manager refused to disclose the records of a bank account formerly in the name of Emergency Professional Group, Inc. Pension and Profit-Sharing Plan which was changed after June 30, 1975 to "Medical Management,

Inc. DBA EPG PP." An IRS auditor determined that unexplained withdrawals were made from the account in 1976 and 1977. Medical Management, Inc., the financial manager of Emergency Professional Group, Inc., was owned and operated by Thomas E. Brock, Jr., a close friend of Dr. Necdet Orhon, the petitioner's president and a trustee of its pension and profit-sharing trust. There was evidence from which it could be reasonably inferred that Brock, who is not eligible to benefit from the trust, had made the withdrawals.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the Tax Court properly placed the burden of proof on the petitioner to establish the qualification of the trust and that petitioner failed to sustain this burden.

■ On appeal the petitioner argues that the Tax Court abused its discretion in denying petitioner's motion to vacate its decision and grant a new trial on the grounds of newly discovered evidence and the fact that petitioner's trial attorney had a conflict of interests. The trial attorney for the petitioner was representing Brock in other disputes with the IRS at the time of the trial. Petitioner relies on an affidavit filed by Dr. Orhon to support its claim that it was entitled to a new trial. Upon consideration of the affidavit and of the arguments with respect to conflict of interests, this court concludes that no newly discovered evidence was disclosed by the affidavit and notes the fact that even in the affidavit the president of petitioner did not offer to reveal all of the records pertaining to the disputed bank account. The court also concludes that no prejudice was shown to the petitioner from the fact that its trial attorney also represented Brock.

The decision of the Tax Court is affirmed.